IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KAHN, LITWIN, RENZA & CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> EARTHLINK BUSINESS, LLC and ONE COMMUNICATIONS CORP., <br><br> Defendants. | Civil Action No. 1:16-cv-11126 |

## EARTHLINK BUSINESS, LLC'S NOTICE OF REMOVAL

Defendants, EarthLink Business, LLC ("EarthLink") and One Communications Corp. ("One")[1], by their undersigned counsel, hereby remove the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and respectfully state:

1. On April 11, 2016, Plaintiff, Kahn, Litwin, Renza & Co., Ltd. ("KLR"), filed a lawsuit against One Communications Corp. and EarthLink, Inc.[2] in the Superior Court of the Commonwealth of Massachusetts, Suffolk County captioned *Kahn, Litwin, Renza & Co., Ltd. v. One Communications Corp.*, Civil Action No. 16-1193 (the "State Court Action").

2. On or about May 11, 2016, KLR filed its First Amended Complaint in the State Court Action. See State Court Action First Amended Complaint, attached hereto as Exhibit A.

3. Plaintiff's First Amended Complaint alleges Breach of Contract (Count I), Breach

---

[1] As set forth below, One no longer exists as an entity separate from EarthLink Business, LLC. One was merged with and into EarthLink Business, LLC on December 31, 2012.

[2] Plaintiff's original Complaint incorrectly named EarthLink, Inc. as a defendant. Accordingly, EarthLink Business, LLC was not served with the original Complaint.

of the Covenant of Good Faith and Fair Dealing (Count II), Negligent and/or Intentional Misrepresentation (Count III), Unjust Enrichment (Count IV), and violation of Massachusetts General Law Chapter 93A (Count V) arising from telephone and internet service contracts entered into between the parties.  See State Court Action First Amended Complaint (Ex. A).

4. On May 26, 2016, KLR served a summons and the First Amended Complaint on EarthLink.  This was the first date on which EarthLink received a copy of any KLR pleading.

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because EarthLink filed this notice within thirty (30) days after receipt by EarthLink of a copy of the First Amended Complaint in this action.  A copy of all process, pleadings, and orders served upon EarthLink in the State Court Action is attached as Exhibit B.

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because EarthLink has satisfied the procedural requirements for removal, and this Court has subject matter over this action pursuant to §§ 1332 and 1441(a).

7. The Superior Court of the Commonwealth of Massachusetts, Suffolk County is located within the District of Massachusetts.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 (exclusive of interest and costs).

9. Pursuant to 28 U.S.C. § 1332 (c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business… ."  The citizenship of a limited liability company is to be determined by the citizenship of its members.  See Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006).

10. As alleged in its First Amended Complaint, KLR was, at the time of the commencement of the State Court Action and at all times thereafter, through and including the time of removal, a Rhode Island corporation with its principal place of business in Providence, Rhode Island. *See* State Court Action First Amended Complaint, ¶ 1 (Ex. A). As such, Plaintiff is a citizen of Rhode Island.

11. EarthLink was, at the time of the commencement of the State Court Action and at all times thereafter, through and including the time of removal, a Delaware limited liability company with its principal place of business in Atlanta, Georgia. EarthLink Business, LLC has a single member – EarthLink Business Holdings, LLC. EarthLink Business Holdings, LLC is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. EarthLink Business Holdings, LLC has a single member – EarthLink Holdings Corp. EarthLink Holdings Corp. is a Delaware corporation with its principal place of business in Atlanta, Georgia. As such, Defendant is a citizen of Delaware and Georgia, and is *not* a citizen of Rhode Island. Therefore, complete diversity of citizenship between the parties exists.

12. One is named as a defendant in the State Court Action. EarthLink, LLC (as successor in interest to EarthLink, Inc.) purchased One on April 1, 2011, and One was merged with and into EarthLink Business, LLC on December 31, 2012. Accordingly, One no longer exists as a separate legal entity.

13. In its First Amended Complaint, KLR requests "that judgment enter in its favor and that it be awarded damages in the sum of *$139,591.90*, together with interest, plus statutory damages equal to three times the amount of Plaintiff's actual damages, as determined in accordance with M.G.L. c. 93A §§ 2 and 11, plus additional costs and expenses including attorneys' fees, and for such other relief as this Court deems just and proper." *See* State Court

Action First Amended Complaint, at p. 8 (Ex. A.) (emphasis added). Attorney's fees and multiple damages claims under Mass. Gen. Law Chapter 93A are properly included in the determination of the amount in controversy. Spielman v. Genzyme Corp., 251 F.3d 1, *7 (1st Cir. 2001); Payne v. Goodyear Tire & Rubber Co., 229 F. Supp. 2d 43, 46 (D. Mass. 2002) (overruled on other grounds) (*citing* F.C.I. Realty Trust v. Aetna Cas. & Sur. Co., 906 F. Supp. 30, 32 n. 1 (D. Mass. 1995)). Further, in its January 21, 2015 Mass. Gen. Law Chapter 93A demand letter, KLR demanded compensation in the amount of $139,591.90. See January 21, 2015 Correspondence from S. Snow to S. DeSimone, Jr., attached hereto as Exhibit C. Thus, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit D. This notice will be promptly filed in the Superior Court of the Commonwealth of Massachusetts, Suffolk County and served on KLR.

15. For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

16. By filing this Notice of Removal, EarthLink does not intend to waive any affirmative or available defenses.

WHEREFORE, EarthLink and One[3] request that this Notice of Removal be filed; that the State Court Action be removed from the Superior Court of the Commonwealth of Massachusetts, Suffolk County to this Court; and that no further proceedings be had in the State Court Action.

---

[3] As noted above, One no longer exists as an entity separate from EarthLink Business, LLC.

Date:   June 15, 2016				Respectfully submitted,


/s/ Rory FitzPatrick
Rory FitzPatrick (BBO 169960)
*rfitzpatrick@cetllp.com*
Michael J. Leard (BBO 681468)
*mleard@cetllp.com*
CETRULO LLP
Two Seaport Lane, 10th Floor
Boston, Massachusetts 02210
Phone: (617) 217-5500
Fax: (617) 217-5200

*Attorneys for Defendant EarthLink Business, LLC*


CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2016, a true copy of the above document and attachments were served upon Plaintiff's counsel via First Class Mail at their usual business address, Steven E. Snow and Jennifer L. Luzzi of Partridge Snow & Hahn LLP, 40 Westminster St., Suite 1100, Providence, Rhode Island 02903.

/s/ Rory FitzPatrick
Rory FitzPatrick

24528269v1