# EXHIBIT C

# PARTRIDGE SNOW & HAHN LLP
### COUNSELORS AT LAW

January 21, 2015

**SENT VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Samuel R. DeSimone, Jr., Esq.
Executive Vice President, General Counsel & Secretary
EarthLink, LLC
1170 Peachtree St., Suite 900
Atlanta, GA 30309

<u>Re: Demand for Refund for Services Not Rendered</u>

Dear Mr. DeSimone:

We are counsel to Kahn, Litwin, Renza & Co., Ltd. ("KLR"), a regional accounting firm headquartered in Providence, Rhode Island. This letter is a formal demand, pursuant to Massachusetts General Laws c. 93A, for EarthLink to refund overpayments made to EarthLink by KLR on invoices that EarthLink knew or should have known it should not have sent to KLR, given that services were not rendered to KLR.

On or about May 18, 2009, One Communications Corp. and KLR entered into a 12-month service agreement ("Contract") for a 6MB line to KLR's then new Waltham, Massachusetts location at 800 South Street, Waltham, Massachusetts ("EarthLink Line"). It was discussed and understood by the parties that such Contract was to end after the 12-month term, as KLR was planning to enter into a long-term contractual relationship with Verizon, which was the service provider at its other offices.

Upon information and belief, Earthlink acquired One Communications in December of 2010. Despite the completion of the Contract and the cessation of any utilization of services on the part of KLR, EarthLink continued to invoice KLR, and KLR's accounts payable department mistakenly paid the invoices it was sent by EarthLink from June 2010-January 2013. Upon discovering this error, KLR contacted Earthlink's regional office in Marlborough, Massachusetts and was instructed to formally request that services be terminated. KLR did this on January 29, 2013, and again on April 22, 2013, by completing EarthLink's Disconnect Request Form ("Disconnect Form") per EarthLink's instructions. Moreover, two EarthLink technicians visited KLR's Waltham office soon thereafter and they confirmed that KLR was not using any EarthLink equipment and that KLR was being provided data services from Verizon.

Nevertheless, EarthLink continued to invoice KLR for services that had not been provided since May, 2010.

In July of 2015, KLR again learned that its accounts payable department was inadvertently paying the invoices for the EarthLink Line and KLR put a stop to the payments. KLR continued to make several attempts to clarify disconnection of the EarthLink Line, and submitted yet another Disconnect Form on August 27, 2015 despite its two previous attempts as noted above. Regardless of KLR's numerous attempts to resolve the issues, EarthLink continued to invoice KLR monthly without returning phone calls or responding to e-mail inquiries. Shortly thereafter, KLR received email correspondence from CMI Credit Mediators Inc., a commercial collection agency, which apparently has filed adverse reports with credit monitoring agencies.

EarthLink's practices surpass a mere contractual breach, and constitute an unfair and deceptive business practices under Massachusetts law, exposing Earthlink to an award of multiple damages and attorneys' fees. It is clear that EarthLink's predecessor was put on notice of KLR's intentions to terminate receiving services at the completion of the parties' Contract in May, 2010. Moreover, EarthLink has been put on notice repeatedly, including multiple filings of disconnect forms, and nevertheless Earthlink wrongly continued to invoice KLR for services which it knew or should have known were not being provided. Accordingly, Earthlink has been unjustly enriched in the amount of $139,591.90.

Additionally, aside from the many telephone calls and emails, a visit to KLR's Waltham office in 2013 by two EarthLink technicians confirmed that EarthLink was aware that KLR was not using EarthLink's services. EarthLink learned firsthand that its services were not being used by KLR, yet continued to send monthly invoices to KLR. KLR reasonably relied on the EarthLink technicians' confirmation that services were not being utilized by KLR, and EarthLink's persistence in billing KLR highlights EarthLink's untoward, unfair, and deceptive acts.

Having inadvertently paid invoices to EarthLink for services not rendered, KLR demands that EarthLink refund KLR for payments EarthLink has become unjustly enriched in the amount of $139,591.90.

KLR would welcome a professional and business-like solution to these issues, but is also prepared to take other actions, if necessary. We ask that you give us a good faith proposal for a resolution of this dispute within fourteen (14) days. If we do not hear from you within fourteen (14) days, our client has instructed us to file suit and seek all damages, including without limitation, multiple damages and reasonable attorneys' fees as provided for under Mass. Gen Laws c.93A.

Sincerely,

Steven E. Snow

SES:jwb

cc: Alan Litwin, Managing Director

2635908_2/7669-1